# United States District Court
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA  
V.  
Clarence Ray Bonds

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:09 Cr 185

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed – that is
  - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] A felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1),(2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [x] (1) There is probable cause to believe that the defendant has committed an offense
  - [x] for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act
  - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establish by clear and convincing evidence that

defendant is a 25 year old man with no work history, minimal family ties, no assets, and a history of gang affiliation. He has a serious and lifelong problem with abuse of both drugs and alcohol. While in prison, defendant was diagnosed with mental health disorders, including bipolar disorder, schizophrenia and split personality. Defendant has a long and serious criminal record, involving crimes of violence, property crimes, and firearms offenses. His last felony conviction was in 2004 for assault with a dangerous weapon. He served the entire sentence because of poor institutional behavior and was released without parole in April 2008. Since that time, he has been convicted of malicious destruction of property and domestic violence, third offense, and has served two jail terms. These facts clearly establish a persistent danger to the community for which conviction, incarceration, probation and treatment have never proved an adequate remedy. Even the most restrictive condition short of detention- -confinement to the CAP, would be inadequate, in light of defendant's history of unmanageable conduct in other institutions.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| August 28, 2009 | /s/ Joseph G. Scoville |
|---|---|
| Date | Signature of Judge |

Joseph G. Scoville, United States Magistrate Judge  
Name and Title of Judge